IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CLIFFORD THOMAS,                 )  CIVIL NO. 15-00121 RLP
                                 )  *CONSOLIDATED WITH*
            Plaintiff,           )  CIVIL NO. 16-00485 RLP
                                 )
      vs.                        )  MEMORANDUM OPINION AND ORDER
                                 )  GRANTING IN PART AND DENYING IN
RICHARD V. SPENCER, SECRETARY    )  PART DEFENDANT'S MOTION FOR
OF DEPARTMENT OF THE NAVY,       )  PARTIAL DISMISSAL AND PARTIAL
                                 )  SUMMARY JUDGMENT
            Defendant.           )
                                 )
_____)

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION FOR
<u>PARTIAL DISMISSAL AND PARTIAL SUMMARY JUDGMENT</u>

On February 23, 2018, Defendant's Motion for Partial
Dismissal and Partial Summary Judgment came on for hearing.
Shawn A. Luiz, Esq. appeared on behalf of Plaintiff; Assistant
United States Attorney Thomas A. Helper appeared on behalf of
Defendant. After carefully considering the parties' submissions,
the relevant legal authority, and the arguments of counsel at the
hearing, the Court GRANTS IN PART AND DENIES IN PART Defendant's
Motion.

<u>BACKGROUND</u>

Plaintiff filed his First Complaint on April 9, 2015,
alleging claims for violations of Title VII of the Civil Rights
Act of 1964 ("Title VII"), violation of the Age Discrimination in
Employment Act of 1967 ("ADEA"), and declaratory judgment
pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and
2202. ECF No. 1 in Civil No. 15-00121 RLP ("First Complaint").

Plaintiff filed his Second Complaint on September 1, 2016, alleging additional claims for violation of Title VII. ECF No. 1 in Civil No. 16-00485 RLP ("Second Complaint"). These two actions were consolidated by stipulation on November 17, 2016. ECF No. 42.

Plaintiff has been employed at Pearl Harbor Naval Shipyard since 1982. ECF No. 60, Defendant's Concise Statement of Facts in Support of His Motion for Partial Dismissal and Partial Summary Judgment of Defendant Richard V. Spencer, Secretary of Department of the Navy ("Def.'s Stmnt.") ¶ 1; ECF No. 72, Plaintiff Clifford Thomas' Supplemental Concise Statement of Facts in Opposition to Defendants' Motion for Summary Judgment ("Pl.'s Stmnt."), ECF No. 66-1; Declaration of Plaintiff Clifford Thomas ("Pl.'s Decl.") ¶ 14. The acts at issue in Plaintiff's Complaints took place between 2009 and 2014. From 2009 through January 2013, Plaintiff was a supervisor in the Utilities branch of the Naval Facilities Engineering Command. Id. Until May 2010, Plaintiff's first-level supervisor was John Cazinha. Id. From May 2010 to January 2013, Plaintiff's first-level supervisor was Tammy Rodrigues. Id. In January 2013, Plaintiff was promoted and Mr. Cazinha became his first-level supervisor again. Id. In July 2014, Plaintiff was transferred out of the Utilities branch. Id. ¶ 2; ECF No. 66-1, Pl.'s Decl. ¶ 5. In June 2015, Plaintiff was reassigned to the Waste Water Treatment Plant.

<u>Id.</u>; ECF No. 66-1, Pl.'s Decl. ¶ 3.

In the present Motion, Defendant argues that it is entitled to dismissal or summary judgment on all of Plaintiff's claims except his claim based on his transfer out of the Utilities branch in 2014, which is set forth in paragraph 32 of his Second Complaint.  <u>See</u> ECF No. 59-1.

DISCUSSION

**I. Defendant's Request to Dismiss Plaintiff's Claims Under the Declaratory Judgment Act is GRANTED.**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Review under Rule 12(b)(6) is generally limited to the contents of the complaint.  <u>Daniels-Hall v. Nat'l Educ. Ass'n</u>, 629 F.3d 992, 998 (9th Cir. 2010).  Plaintiff's allegations of material fact are taken as true and construed in the light most favorable to Plaintiff.  <u>Id.</u>  Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (citation omitted).

3

Defendant asks the Court to dismiss Plaintiff's claims for declaratory and injunctive relief under the Declaratory Judgment Act. See ECF No. 59-1 at 4-5. As noted by Defendant, Title VII is the exclusive remedy for claims of discrimination and retaliation in federal employment. See Brown v. GSA, 425 U.S. 820, 835 (1976); see also Boyd v. U.S. Postal Serv., 752 F.2d 410, 413 (9th Cir. 1985) (same); Niimi-Montalbo v. White, 243 F. Supp. 2d 1109, 1118 (D. Haw. 2003) (same). Plaintiff does not address this argument in his Opposition. Because Plaintiff's claims are ripe and justiciable under Title VII, the Court GRANTS Defendant's request to dismiss Plaintiff's request for injunctive and declaratory relief under the Declaratory Judgment Act.

**II. Defendant's Request for Summary Judgment as to the Remaining Claims at Issue is GRANTED IN PART AND DENIED IN PART.**

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citing Celotex Corp. v. Catrett, 477

4

U.S. 317, 323 (1986)). "A fact is material when, under the governing substantive law, it could affect the outcome of the case. A genuine issue of material fact arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 310 F.3d 1188, 1194 (9th Cir. 2002) (internal citations omitted). If the evidence "could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). If the moving party carries its burden, then "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] . . . come forward with specific facts showing that there is a genuine issue for trial." Id. at 586–87 (citations omitted).

**A. Defendant's Request for Summary Judgment as to Plaintiff's Claims of Discrimination and Retaliation Based on Discrete Adverse Personnel Actions is GRANTED IN PART AND DENIED IN PART.**

In his Complaints, Plaintiff alleges that Defendant discriminated and retaliated against him based on his age, race, color, national origin, and prior protected activity in violation of Title VII and the ADEA. To establish a prima facie case of unlawful discrimination, a plaintiff must plausibly allege that:

(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside the protected class were treated more favorably or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. <u>Hawn v. Exec. Jet Mgmt.</u>, 615 F.3d 1151, 1156 (9th Cir. 2010); <u>Nicholson v. Hyannis Air Serv., Inc.</u>, 580 F.3d 1116 (9th Cir. 2009). The degree of proof required to establish a prima facie case at the summary judgment stage is minimal. <u>See Coghlan v. Am. Seafoods Co.</u>, 413 F.3d 1090, 1094 (9th Cir. 2005).

Under Title VII, it is also unlawful for an employer to retaliate against an employee on the basis of the employee's opposition to practices or actions prohibited by Title VII. <u>See</u> 42 U.S.C. § 2000e-3(a); <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 62 (2006) (citations omitted). Retaliation can be shown by evidence that (1) Plaintiff engaged in protected activity,[1] (2) that he was thereafter subjected to an adverse employment action, and that (3) there is a causal link between

---

[1] "Protected activity includes the filing of a charge or a complaint, or providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to oppose an employer's discriminatory practices." <u>Raad v. Fairbanks N. Star Borough Sch. Dist.</u>, 323 F.3d 1185, 1197 (9th Cir. 2003). Defendant concedes that Plaintiff has been engaged in protected activity "more or less continuously since 1984." ECF No. 71 at 16 n.5.

the protected activity and the adverse employment action.  See
Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir. 1994);
Davis v. Team Elec. Co., 520 F.3d 1080, 1093–94 (9th Cir. 2008).

Under the burden-shifting analysis set forth in
McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973),
after a plaintiff presents a prima facie case, the burden shifts
to the defendant to articulate a "legitimate, nondiscriminatory
reason" for its employment decision.  Noyes v. Kelly Servs., 488
F.3d 1163, 1168 (9th Cir. 2007); Surrell v. Cal. Water Serv. Co.,
518 F.3d 1097, 1103 (9th Cir. 2008) (applying McDonnell Douglas
burden-shifting framework to Title VII case); Shelley v. Geren,
666 F.3d 599, 607–08 (9th Cir. 2012) (noting that the McDonnell
Douglas burden-shifting framework applies to ADEA claims
evaluated in the context of a summary judgment motion).  "Should
the defendant carry its burden, the burden then shifts back to
the plaintiff to raise a triable issue of fact that the
defendant's proffered reason was a pretext for unlawful
discrimination."  Id.

As discussed in detail below, Defendant argues that it
is entitled to summary judgment on Plaintiff's claims of
discrimination and retaliation stemming from discrete adverse
personnel actions because Plaintiff has failed to establish a
genuine issue of material fact regarding his prima facie case.

## 1. **2009 and 2010 Position Rewrites**

Plaintiff's first alleged adverse employment action is that he was discriminated against when Defendant made changes to certain position descriptions and series classifications in 2009 and 2010.  Second Compl. ¶¶ 11-12.

In 2009, Defendant made changes to certain positions resulting in a downgrade in these positions from WG-11 to WG-10. ECF No. 60, Def.'s Stmnt. ¶ 5.  In 2010, there was a reorganization in which a position that Mr. Cazinha formerly occupied was converted from a GS Pay Grade to a WS Pay Grade. Id.  Although Plaintiff states in his Supplemental Concise Statement that these facts are "partially disputed," see ECF No. 72 at 3, his Declaration, which is cited in his Supplemental Concise Statement, does not provide any facts to dispute these statements, see ECF No. 66-1, Pl.'s Decl. 22-28.

First, Defendant asks the Court to dismiss Plaintiff's claims based on these two acts because Plaintiff did not timely exhaust his administrative remedies.  ECF No. 59-1 at 10-12. Because the Court must consider evidence outside of the pleadings to determine whether Plaintiff timely exhausted his administrative remedies, the Court considers Defendant's request to dismiss as a request for summary judgment.  See Fed. R. Civ. P. 12(d).  Defendant argues that Plaintiff failed to raise the 2009 and 2010 incidents with an Equal Employment Opportunity

8

("EEO") counselor within the applicable 45-day window. ECF No. 59-1 at 10-12. A federal employee is required to initiate contact with an EEO counselor within 45 days of an alleged discriminatory act. See 29 C.F.R. § 1614.105(a)(1). An employee's failure to initiate contact within 45 days is grounds for dismissal. Id. § 1614.107(a)(2); Cherosky v. Henderson, 330 F.3d 1243, 1245 (9th Cir. 2003) ("Failure to comply with this regulation is fatal to a federal employee's discrimination claim.") (citation omitted).

In support of its assertion that Plaintiff did not timely exhaust his administrative remedies, Defendant provided the EEO counselor's report from 2014 wherein Plaintiff raises these two incidents for the first time. See ECF No. 60-16. Although Plaintiff does not address this argument in his Opposition, Plaintiff states in his Declaration that he "did contact the EEO office in this matter, but I was told that I was not an injured party, so I could not complain about it." ECF No. 66-1, Pl.'s Decl. ¶ 28. Importantly, Plaintiff does not provide any evidence regarding the date on which he contacted the EEO office. There is no evidence before the Court that Plaintiff contacted the EEO office within 45 days of the 2009 and 2010 incidents at issue. Accordingly, Defendant is entitled to summary judgment on these claims because Plaintiff did not timely exhaust his administrative remedies.

Second, even assuming that Plaintiff could show that he

timely exhausted his administrative remedies as to these acts,
the Court also finds that Defendant is entitled to summary
judgment as to these acts because Plaintiff cannot show that
these positions were ever open or that he applied for them.  To
establish his prima facie case in the failure to promote context,
Plaintiff must show "that he applied and was qualified for a job
for which the employer was seeking applicants."  See McDonnell
Douglas, 411 U.S. at 802.  Defendant argues that it is entitled
to summary judgment because Plaintiff cannot establish that these
positions were ever open or that he was qualified or applied for
them.  ECF No. 59-1 at 14.  Plaintiff has not presented any facts
to show that Defendant was seeking applicants for these positions
or that he applied or was qualified for these positions.  See ECF
No. 66-1, Pl.'s Decl. ¶¶ 22-28.  Additionally, Plaintiff has not
put forward any evidence to rebut Defendant's nondiscriminatory
reasons for these actions, namely, that they were part of larger
reorganizations.  See ECF No. 60, Def.'s Stmnt. ¶ 5; ECF No. 66-
1, Pl.'s Decl. ¶¶ 22-28.  Accordingly, Defendant is entitled to
summary judgment on these claims of discrimination.

        Although not entirely clear from the briefing, it
appears from Plaintiff's Supplemental Concise Statement that
Plaintiff is also asserting a claim for retaliation based on
these actions.  See ECF No. 72 at 3.  To the extent Plaintiff is
alleging retaliation, Plaintiff cannot show that he was subjected
to an adverse employment action.  See Wallis, 26 F.3d at 891.  As

noted above, Plaintiff has not presented any facts to show that
Defendant was seeking applicants for these positions or that he
applied or was qualified for these positions.  Therefore,
Defendant is also entitled to summary judgment for Plaintiff's
claim of retaliation based on these allegations.

### 2. **2010 Production Supervisor Hiring**

Plaintiff's second alleged adverse employment action is
that he was discriminated against because he was not informed of
and did not apply to be considered for selection for the new
Production Supervisor in 2010.  First Compl. ¶ 26(b)(ii).

On January 21, 2010, Mr. Cazinha emailed Plaintiff and
a number of other subordinates to inform them of a
reorganization, in which several positions would be filled.  ECF
No. 60, Def.'s Stmnt. ¶ 6.  The email reminded the employees that
if they were interested in the positions, they needed to have an
updated resume in the Navy's online system.  Id.  In a meeting in
February 2010, which Plaintiff attended, Mr. Cazinha explained
that the new position would be a Production Supervisor.  Id.
Plaintiff did not apply for the position.  Id.  Plaintiff does
not dispute that this email was sent to him, that the email
contains the information stated about the new positions, that he
attended the meeting where Mr. Cazinha explained the position, or
that he did not apply for the position.  See ECF No. 72, Pl.'s
Stmnt. ¶ 6; ECF No. 66-1, Pl.'s Decl. ¶¶ 29-41.  Instead,

Plaintiff states that the email "is not the first email advertising the positions" and explains that he misunderstood Mr. Cazinha in the meeting because he thought he was talking about a different position. ECF No. 72, Pl.'s Stmnt. ¶ 6; ECF No. 66-1, Pl.'s Decl. ¶¶ 29, 34-35. Plaintiff also states that Ms. Rodrigues was "secretly promoted" to this position. ECF No. 66-1, Pl.'s Decl. ¶ 33.

Defendant argues that it is entitled to summary judgment on this claim because Plaintiff cannot establish that he applied for this job. ECF No. 59-1 at 15. Plaintiff has failed to establish a genuine issue of material fact that would preclude summary judgment as to this claim.

As noted above, in order to state a prima facie claim for discrimination in a failure to promote context, Plaintiff generally must show that he applied for the job at issue. See McDonnell Douglas, 411 U.S. at 802. However, Plaintiff does not need to show that he applied for an available position when making a failure-to-promote claim "if the trier of fact could reasonably infer that promotions were not awarded on a competitive basis." Lyons v. England, 307 F.3d 1092, 1114 (9th Cir. 2002). Here, Plaintiff concedes that he received the email from Mr. Cazinha regarding the opening for this position and that he was at the meeting where the open position was discussed, but he misunderstood. See ECF No. 66-1, Pl.'s Decl. ¶¶ 29, 34-35.

In these circumstances, the trier of fact could not reasonably
infer that the Production Supervisor position was not awarded on
a competitive basis.  Accordingly, Plaintiff's failure to produce
any evidence that he applied for the position at issue is fatal
to his claim.  Accordingly, Defendant is entitled to summary
judgment on this claim.

### 3. **May 2010 WS-10 Pipefitter Supervisor Hiring**

Plaintiff's third alleged adverse employment action is
that he was discriminated against because he was not informed of
and did not apply to be considered for selection for a Pipefitter
Supervisor position.  First Compl. ¶ 29(g).

In May 2010, Mr. Cazinha received a list of qualified
applicants from Human Resources to fill a vacancy for a
Pipefitter Supervisor.  ECF No. 60, Def.'s Stmnt. ¶ 7.  Plaintiff
was not on the list either because he did not apply or was not
found to be qualified by Human Resources.  Id.  Although
Plaintiff states in his Supplemental Concise Statement that these
facts are "partially disputed," see ECF No. 72, Pl.'s Stmnt. at
4, his Declaration, which is cited in his Supplemental Concise
Statement, does not provide any facts to dispute these
statements, see ECF No. 66-1, Pl.'s Decl. ¶¶ 42-44.  Defendant
argues that it is entitled to summary judgment because Plaintiff
cannot establish that he was qualified or applied for this
position.  ECF No. 59-1 at 18.  Plaintiff does not assert that he

13

applied or was qualified for this position.  See ECF No. 66-1,
Pl.'s Decl. ¶¶ 42-44.  Plaintiff has failed to establish a
genuine issue of material fact that would preclude summary
judgment as to this claim because he does not assert that he
applied or was qualified for this position.  See McDonnell
Douglas, 411 U.S. at 802.  Accordingly, Defendant is entitled to
summary judgment on this claim.

### 4. **June 25, 2010 Reprimand**

Plaintiff's fourth alleged adverse employment action is
that he was discriminated against when his supervisor, Tammy
Rodrigues, issued a letter of reprimand to Plaintiff on June 25,
2010, for failure to follow instructions and inappropriate
conduct.  First Compl. ¶ 26.

In June 2010, Plaintiff received a letter of reprimand
stating that he (1) refused to print out equipment center logs
despite Ms. Rodrigues's direction that he do so; (2) disobeyed
Ms. Rodrigues's instruction to return to her office to continue
to discuss the matter; and (3) said "Tammy, fuck you" to her in
the course of the disagreement.  ECF No. 60, Def.'s Stmnt. ¶ 8;
ECF No. 66-1, Pl.'s Decl. ¶¶ 48-49, 51-52.  The letter of
reprimand states that it will stay in Plaintiff's file for two
years.  ECF No. 60-4.  Although Plaintiff provides additional
information regarding the event in question in his Declaration,
he does not dispute that he did not print out the logs that Ms.

14

Rodrigues requested, that he left Ms. Rodrigues' office after she said that she was not done talking to him, and that he "said fuck you." ECF No. 66-1, Pl.'s Decl. ¶¶ 48-49, 51-52. Plaintiff asserts that Ms. Rodrigues regularly used the work "fuck" at work and that another employee involved in the incident did not receive a reprimand. Id. ¶¶ 46, 49, 53.

As detailed above, to establish a prima facie case of discrimination, Plaintiff must show that he suffered an adverse employment action. See Nicholson, 580 F.3d at 1123. "An adverse employment action is one that causes a material employment disadvantage, such as a tangible change in duties, working conditions or pay." Delacruz v. Tripler Army Med., 507 F. Supp. 2d 1117, 1123 (D. Haw. 2007) (citation omitted). Under Ninth Circuit law, a letter of reprimand may constitute an adverse employment action; however, in order to determine whether a letter is considered an adverse employment action, the court must consider whether there was any employment consequence as a result of the reprimand letter. See Vasquez v. Cty. of L.A., 349 F.3d 634 (9th Cir. 1998) (assuming of purposes of prima facie case that the issuance of a warning letter constituted an adverse employment action); Kortan v. Cal. Youth Authority, 217 F.3d 1104, 1112-13 (9th Cir. 2000) (a negative evaluation that does not remain in employee's file is not an adverse employment action). Here, the letter of reprimand, attached to Defendant's

Concise Statement as Exhibit 1, advises Plaintiff that for the next two years the letter may be counted as a prior offense when determining the remedy for any future acts of misconduct. ECF No. 60-4 at 1. The letter of reprimand also states that it will remain in Plaintiff's personnel file for a period of two years. Id. Plaintiff does not provide any evidence that there was any other employment consequence as a result of the reprimand letter. Because there was no other employment consequence and the letter only remained in Plaintiff's personnel file for two years, the Court finds that the issuance of the letter of reprimand does not constitute an adverse employment action. See, e.g., Moore v. Marriott Int'l, Inc., No. CV-12-00770-PHX-BSB, 2014 WL 5581046, at *10-11 (D. Ariz. Oct. 31, 2014) (holding that a warning letter that stated that the plaintiff may be subject to further discipline if she committed additional violations did not did not implement any material adverse change in the terms or conditions of employment and was not an adverse employment action); Hoang v. Wells Fargo Bank, N.A., 724 F. Supp. 2d 1094, 1104 (D. Or. 2010) (finding that a warning letter that did not materially change the terms and conditions of the plaintiff's employment was not an adverse employment action). Because Plaintiff has failed to establish a genuine issue of material fact regarding his prima facie case, Defendant is entitled to summary judgment on this claim of discrimination.

To the extent Plaintiff is also alleging retaliation based on the letter, Plaintiff cannot show that he was subjected to an adverse employment action.  See <u>Wallis</u>, 26 F.3d at 891.  As noted above, the undisputed facts show that there was no other employment consequence based on the letter of reprimand and the letter only remained in Plaintiff's personnel file for two years.  Thus, as a matter of law, the letter of reprimand was not an adverse employment action.  Accordingly, Defendant is also entitled to summary judgment for Plaintiff's claim of retaliation based on these allegations.

### 5. **<u>November 2010 Overtime</u>**

Plaintiff's fifth alleged adverse employment action is that he was discriminated and retaliated against in November 2010 when Ms. Rodrigues gave one of his two approved overtime days to a coworker, Ty-Darby Sing Chow.  First Compl. ¶ 26(b)(iii)(A).

On November 18 and 19, 2010, another employee took two sick days, which meant that the other supervisors had the opportunity to work additional overtime.  ECF No. 60, Def.'s Stmnt, ¶ 9.  Ms. Rodrigues gave one of the days to Plaintiff, one to Mr. Sing Chow, and none to another supervisor.  <u>Id.</u>  Although Plaintiff states in his Supplemental Concise Statement that these facts are "partially disputed," <u>see</u> ECF No. 72 at 3, his Declaration, which is cited in his Supplemental Concise Statement, does not provide any facts to dispute these

statements, <u>see</u> ECF No. 66-1, Pl.'s Decl. ¶¶ 54-56.  Plaintiff

states that Mr. Sing Chow generally received special treatment

from Ms. Rodrigues and twice as much overtime as Plaintiff.  <u>Id.</u>

¶¶ 54-56.

Defendant argues that it is entitled to summary

judgment on this claim because Plaintiff cannot establish the

prima facie element of an adverse personnel action.  The Court

agrees.  As detailed above, to establish a prima facie case of

discrimination, Plaintiff must show that similarly situated

individuals outside the protected class were treated more

favorably or other circumstances surrounding the adverse

employment action give rise to an inference of discrimination.

<u>Hawn</u>, 615 F.3d at 1156.  The undisputed material facts show that

there were two overtime shifts available and that Ms. Rodrigues

gave one to Plaintiff, gave one to Mr. Sing Chow, and gave none

to another supervisor.  Plaintiff has failed to establish a

genuine issue of material fact that would preclude summary

judgment as to this claim because he has not shown that similarly

situated individuals outside the protected class were treated

more favorably or other circumstances surrounding the adverse

employment action give rise to an inference of discrimination.

Plaintiff was treated the same as Mr. Sing Chow and was treated

more favorably than the other supervisor who did not receive any

overtime.  Accordingly, Defendant is entitled to summary judgment

on this claim.

Similarly, Plaintiff's retaliation claim based on this act must also fail because he cannot show that he was subjected to an adverse employment action. See Wallis, 26 F.3d at 891. As noted above, the undisputed facts show that the two overtime shifts were given one to Plaintiff, one to Mr. Sing Chow, and none to a third supervisor. Plaintiff has failed to establish a genuine issue of material fact regarding whether he suffered an adverse employment action in these circumstances. Accordingly, Defendant is also entitled to summary judgment for Plaintiff's claim of retaliation based on these allegations.

### 6. **August 2011 Vacation Substitute**

Plaintiff's sixth alleged adverse employment action is that in August 2011 he was discriminated against when he was denied the opportunity to apply and be promoted to a GS-13 position, for which Greg Mesa was selected, because he did not know the position was opened. First Compl. ¶ 29(f).

In August 2011, Mr. Cazinha planned to go on vacation and had to make a recommendation to his supervisor for a temporary replacement for the time that he would be gone. ECF No. 60, Def.'s Stmnt. ¶ 10. Mr. Cazinha asked his three immediate subordinates if any of them wanted to volunteer. Id. Plaintiff was not one of Mr. Cazinha's immediate subordinates at this time. Id.; ECF No. 66-1, Pl.'s Decl. ¶ 60. Mr. Mesa

volunteered, had previously served in the position temporarily, and had recently attended a number of meetings relevant to the position. ECF No. 60, Def.'s Stmnt. ¶ 10. Although Plaintiff states in his Supplemental Concise Statement that these facts are "partially disputed," see ECF No. 66 at 4, and provides additional information regarding the event in question in his Declaration, he does not state any facts to dispute that Mr. Cazinha only considered his three immediate subordinates for the position and that Plaintiff was not one of Mr. Cazinha's immediate subordinates at this time, see ECF No. 66-1, Pl.'s Decl. ¶¶ 57-60.

Defendant argues that it is entitled to summary judgment because Plaintiff cannot establish that he was qualified for this position. ECF No. 59-1 at 18. As noted above, Plaintiff does not dispute that Mr. Cazinha only considered his immediate subordinates for this position and that Plaintiff was not his immediate subordinate at this time. Accordingly, Plaintiff has failed to establish a genuine issue of material fact that would preclude summary judgment as to this claim because there is no evidence that he applied or was qualified for this position. See McDonnell Douglas, 411 U.S. at 802. Accordingly, Defendant is entitled to summary judgment on this claim of discrimination.

Similarly, Plaintiff's retaliation claim based on this

act must also fail because Plaintiff cannot show that he was
subjected to an adverse employment action.  See Wallis, 26 F.3d
at 891.  As noted above, Plaintiff has not presented any facts to
show that he applied or was qualified for this position because
he was not Mr. Cazinha's immediate subordinate.  Therefore,
Defendant is also entitled to summary judgment for Plaintiff's
claim of retaliation based on these allegations.

### 7. **2014 Bonus**

Plaintiff's seventh alleged adverse employment action
is that he was discriminated and retaliated against when Mr.
Cazinha did not recommend him for a bonus in July 2014.  Second
Compl. ¶ 34.

In 2014, Mr. Cazinha did not recommend Plaintiff for a
bonus.  ECF No. 60, Def.'s Stmnt. ¶ 11.  Plaintiff was
transferred out of Mr. Cazinha's department that year.  Id.; ECF
No. 66-1, Pl.'s Decl. ¶ 64.  Despite Mr. Cazinha's decision to
not recommend Plaintiff for a bonus, Plaintiff did receive a
bonus that year.  ECF No. 60, Def.'s Stmnt. ¶ 11; ECF No. 66-1,
Pl.'s Decl. ¶ 63.[2]  Defendant also states that Mr. Cazinha did
not recommend Plaintiff for a bonus because he left work undone

---

[2] In his Declaration, Plaintiff provides additional facts
regarding a safety award given by Mr. Noborikawa.  See ECF No.
66-1, Pl.'s Decl. ¶ 63.  However, Plaintiff did not include that
claim in his Complaints.  The only claim in these actions
involves the performance award withheld by Mr. Cazinha in July
2014.  See Second Compl. ¶ 34.

when he was transferred out of the work center.  ECF No. 60 ¶ 11.
Plaintiff states that he did not know about any task that was not
completed and that he was prevented from completing them by
Defendant when he was removed from the work center without prior
notice.  ECF No. 66-1, Pl.'s Decl. ¶ 64.  Plaintiff also states
that Mr. Cazinha "gave some employees $500.00, and others
received $200.00."  Id. ¶ 63.  Plaintiff states that he received
a $300.00 award.  Id.

Defendant argues that it is entitled to summary
judgment because Plaintiff cannot establish that he suffered an
adverse employment action.  ECF No. 59-1 at 19.  As noted above,
Plaintiff concedes that he received a bonus for the year despite
the fact that Mr. Cazinha did not recommend him.  See ECF No. 66-
1, Pl.s' Decl. ¶ 63.  However, based on Plaintiff's Declaration,
other employees received larger bonuses than Plaintiff did.  Id.
Accordingly, viewing the evidence in the light most favorable to
Plaintiff, there is a factual dispute regarding whether Plaintiff
suffered an adverse employment action.  Further, there are
material facts in dispute regarding Defendant's proffered reason
for not recommending Plaintiff for a bonus.  Specifically,
Plaintiff states in his Declaration that he was not aware of any
work that was left uncompleted, and if any work was left
uncompleted, it was because Defendant prevented him from
returning to the work center when he was transferred.  Id. ¶ 64.

Based on these factual disputes, the Court cannot find that Defendant is entitled summary judgment on these claims. There are material issues of fact regarding whether Plaintiff suffered an adverse employment action and whether Defendant's proffered reason for the action is a legitimate, nondiscriminatory reason. Accordingly, the Court DENIES Defendant's request for summary judgment as to these claims.

**B. Defendant's Request for Summary Judgment as to Plaintiff's Claims of Hostile Work Environment is GRANTED.**

To establish a prima facie case for hostile work environment, Plaintiff must show that (1) Defendant subjected him to verbal or physical conduct because of his protected characteristic; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment. Surrell, 518 F.3d at 1108; Sischo-Nownejad v. Merced Cmty. Coll. Dist., 934 F.2d 1104, 1109 (9th Cir. 1991) (hostile work environment claim cognizable under ADEA). "Not every insult or harassing comment will constitute a hostile work environment." Ray v. Henderson, 217 F.3d 1234, 1245 (9th Cir. 2000). Both subjective and objective requirements must be satisfied by demonstrating that the plaintiff perceived the work environment to be hostile and that a reasonable person in the plaintiff's position would have perceived it as hostile. Brooks

v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000).  In

considering the objective hostility of a work environment, the

court considers the totality of the circumstances including the

"frequency of discriminatory conduct; its severity; whether it is

physically threatening or humiliating, or a mere offensive

utterance; and whether it unreasonably interferes with an

employee's work performance."  McGinest v. GTE Serv. Corp., 360

F.3d 1103, 1113 (9th Cir. 2004).  "The required level of severity

or seriousness varies inversely with the pervasiveness or

frequency of the conduct."  Nichols v. Azteca Rest. Enterprises,

Inc., 256 F.3d 864, 872 (9th Cir. 2001).

     First, the Court GRANTS summary judgment in favor of

Defendant as to Plaintiff's hostile work environment based on

age, race, color, and national origin.  Viewing the evidence in

the light most favorable to Plaintiff, the Court finds that there

is insufficient evidence that any conduct based on Plaintiff's

age, race, color, and national origin was sufficiently severe or

pervasive to alter the conditions of his employment and create an

abusive working environment.  See Surrell, 518 F.3d at 1108.

There are no allegations or evidence that Plaintiff was subjected

to any verbal or physical conduct because of his age.  The only

evidence regarding any conduct based on Plaintiff's race, color,

or national origin are the statements in Plaintiffs' Declaration

that another employee referred to that employee's son-in-law a

24

"black punk" and that "African American are referred to as the nigger or the popolo." ECF No. 66-1 ¶ 108. Plaintiff does not present any evidence that his coworkers or supervisors directed any statements about age, race, color, or national original at him. Under Ninth Circuit case law, the conduct at issue "was neither severe nor pervasive enough to alter the conditions of [Plaintiff's] employment." <u>Manatt v. Bank of Am., NA</u>, 339 F.3d 792, 799 (9th Cir. 2003) (finding that evidence of co-workers using the phrase "China man," ridiculing the plaintiff for mispronouncing a word, and mocking the appearance of Asians was insufficient to establish a hostile work environment on summary judgment). Accordingly, the Court GRANTS summary judgment in favor of Defendant as to Plaintiff's hostile work environment claim based on age, race, color, and national origin.

Second, the Court GRANTS summary judgment as to Plaintiff's retaliatory hostile work environment claim. <u>See</u> <u>Ray v. Henderson</u>, 217 F.3d 1234, 1244 (9th Cir. 2000) (holding that a hostile work environment can also be the basis for a retaliation claim under Title VII). Plaintiff's Complaints contain a number of specific examples of conduct that Plaintiff asserts created a hostile work environment in retaliation for Plaintiff's EEO activity. <u>See</u> First Compl. ¶¶ 23(a), 26(a), 26(b)(iii)(B), 29(a), 29(b), 29(c), 29(d), 29(e); Second Compl. ¶¶ 13-29, 31, 33-35. In its Motion, Defendant argues that Plaintiff's claim of

hostile work environment based retaliation must fail because his allegations of harassment are simple work disputes, not acts based on his protected EEO activities.  ECF No. 59-1 at 19-24. Defendant argues that an examination of the circumstances behind each incident shows that Defendant acted reasonably.  Id. at 23. Defendant submitted the Declarations of Mr. Cazinha and Ms. Rodrigues to explain the circumstances behind each of the incidents alleged in the Complaints.  ECF No. 60-2, ECF No. 60-3. In Opposition, Plaintiff provides statements in his Declaration regarding the incidents alleged in his Complaints as well as other incidents that are outside the scope of the allegations in his Complaints.  ECF No. 66-1, Pl.'s Decl. ¶¶ 66-151. Importantly, the statements in Plaintiff's Declaration support Defendant's position that all of the incidents at issue involved workplace disputes.  Specifically, Plaintiff's Declaration states that Mr. Cazinha yelled at Plaintiff about Plaintiff's knowledge of the power plant equipment, his report writing, missing or damaged files, and work place accidents, that Mr. Cazinha repeatedly emailed Plaintiff about work assignments, reassigned employees to Plaintiff's crew, gave him additional duties, and criticized Plaintiff about how he handled calls, overtime schedules, and reports.  Id.  Plaintiff's Declaration states that Ms. Rodrigues also criticized Plaintiff about his supervision of other employees.  Id.  Plaintiff also details how Mr. Cazinha

frequently yelled in his face and how Ms. Rodrigues regularly
used rough language. See, e.g., id. ¶¶ 70, 102. Although there
is evidence that Mr. Cazinha and Ms. Rodrigues raised their
voices in speaking with Plaintiff, there is also evidence that
Plaintiff regularly raised his voice as well. See, e.g., ECF No.
66-5 at 4, Decl. of Richard Binek (stating that Plaintiff's
interactions with Mr. Cazinha and Ms. Rodrigues were "usually
loud and very confrontational"); ECF No. 66-6 at 3, Decl. of
Valentino Lopez (stating that Plaintiff and Mr. Cazinha "have a
history of yelling and disrespecting each other"). Although Mr.
Cazinha's and Ms. Rodrigues' manner of speaking to Plaintiff
about these workplace disputes may have been uncivil, there is no
evidence that Plaintiff was treated this way because of his
protected activity. The Court rejects Plaintiff's argument that
the Declarations of Plaintiff's coworkers show that Mr. Cazinha
treated Plaintiff differently because of his EEO activity. As
noted by Defendant, speculation about a supervisor's motive is
inadmissible to show retaliatory animus. See Hester v. BIC
Corp., 225 F.3d 178, 185 (2d Cir. 2000) (stating that "Rule
701(b) bars lay opinion testimony that amounts to a naked
speculation concerning the motivation for a defendant's adverse
employment decision."). All of Mr. Cazinha's and Ms. Rodrigues'
criticism of Plaintiff were related to certain aspects of
Plaintiff's job and their perceptions that Plaintiff was not

performing his job appropriately.  In considering the totality of the circumstances, the Court finds that the evidence does not suggest that Plaintiff's supervisor's conduct was severe or interfered with Plaintiff's work performance.  See McGinest, 360 F.3d at 1113.  Plaintiff fails to establish a prima facie hostile work environment claim because his supervisor's performance-related comments are not sufficiently severe or pervasive to constitute a hostile work environment.  See Surrell v. Cal. Water Svc. Co., 518 F.3d 1097, 1109-10 (9th Cir. 2008) (affirming summary judgment on the plaintiff's hostile work environment claim where the plaintiff's supervisor had repeatedly told the plaintiff that she was failing to perform certain aspects of her job and was too slow with her work, holding that these comments were "performance related" and not sufficiently severe or pervasive to sustain a hostile work environment claim); Aoyagi v. Straub Clinic & Hosp., Inc., 140 F. Supp. 3d 1043, 1057-58 (D. Haw. 2015) (granting summary judgment against the plaintiff on her hostile work environment claim where the plaintiff's supervisor made "undiplomatic or uncivil" comments that were "altogether unrelated to Plaintiff's race"); Gathenji v. Autozoners, LLC, 703 F. Supp. 2d 1017, 1034 (E.D. Cal. 2010) (granting summary judgment on the plaintiff's harassment claims where the supervisor's "nasty comment[s,] condescending tone, and the comments about work performance may be offensive," but do not

rise to the level of harassment).  Because a reasonable person would not find a hostile or abusive environment, Defendant is entitled to summary judgment on this claim.  Accordingly, the Court GRANTS Defendant's request as to Plaintiff's retaliatory hostile work environment claim.

### III. Remaining Claims

Based on the foregoing, the following claims remain in this litigation:

1.  Plaintiff's claims based on his reassignment to another position as set forth in Plaintiff's Second Complaint, paragraph 32.

2.  Plaintiff's claims for discrimination and retaliation based on his allegations that he was not recommended for a bonus in July 2014, as set forth in Plaintiff's Second Complaint paragraph 34.

CONCLUSION

Based on the foregoing, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion for Partial Dismissal and Partial Summary Judgment as follows:

1.  Plaintiff's claims for injunctive and declaratory relief under the Declaratory Judgment Act are DISMISSED.

2. Defendant's request for summary judgment as to Plaintiff's claims of discrimination and retaliation based on discrete adverse personnel actions is DENIED as to Plaintiff's

claim based on allegations that he was not recommended for a bonus in July 2014, and GRANTED as to all other discrete personnel actions alleged in Plaintiff's Complaints.

      3.   Defendant's request for summary judgment as to Plaintiff's hostile work environment claim based on age, race, color, and national origin is GRANTED.

      4.   Defendant's request for summary judgment as to Plaintiff's retaliatory hostile work environment claim is GRANTED.

      IT IS SO ORDERED.

      DATED AT HONOLULU, HAWAII, FEBRUARY 27, 2018.



Richard L. Puglisi
United States Magistrate Judge

THOMAS v. SPENCER; CIVIL NO. 15-00121 RLP; MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL DISMISSAL AND PARTIAL SUMMARY JUDGMENT