IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CLIFFORD THOMAS,

        Plaintiff,

        vs.

RICHARD V. SPENCER, SECRETARY
OF DEPARTMENT OF THE NAVY,

        Defendant.

CIVIL NO. 15-00121 RLP
*CONSOLIDATED WITH*
CIVIL NO. 16-00485 RLP

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION FOR
DISMISSAL AND SUMMARY JUDGMENT
ON PLAINTIFF'S FIRST AMENDED
COMPLAINT

MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION FOR DISMISSAL AND
SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT

On July 12, 2018, Defendant's Motion for Dismissal and
Summary Judgment on Plaintiff's First Amended Complaint came on
for hearing.  Shawn A. Luiz, Esq. appeared on behalf of
Plaintiff; Assistant United States Attorney Thomas A. Helper
appeared on behalf of Defendant.  During the hearing, the Court
requested additional briefing from both parties regarding the one
claim not addressed in Defendant's Motion.  After carefully
considering the parties' submissions, including the supplemental
briefing, the relevant legal authority, and the arguments of
counsel at the hearing, the Court GRANTS IN PART AND DENIES IN
PART Defendant's Motion.  Specifically, the Court DENIES
Defendant's request to dismiss two of Plaintiff's claims based on
a failure to exhaust administrative remedies, GRANTS summary
judgment in favor of Defendant as to all of Plaintiff's claims of
discrimination and retaliation based on discrete adverse

personnel actions, GRANTS Defendant's request for summary judgment on Plaintiff's hostile work environment claim based on race, color, and national origin, and GRANTS Defendant's request for summary judgment as to Plaintiff's retaliatory hostile work environment claim.

<u>PROCEDURAL BACKGROUND</u>

Plaintiff filed his First Complaint on April 9, 2015, alleging claims for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and violation of the Age Discrimination in Employment Act of 1967. ECF No. 1 in Civil No. 15-00121 RLP. Plaintiff filed his Second Complaint on September 1, 2016, alleging additional claims for violation of Title VII. ECF No. 1 in Civil No. 16-00485 RLP. These two actions were consolidated by stipulation on November 17, 2016. ECF No. 42.

On February 27, 2018, this Court issued its Order Granting in Part and Denying in Part Defendant's Motion for Partial Dismissal and Partial Summary Judgment. <u>See</u> ECF No. 74. In that Order, the Court granted summary judgment in favor of Defendant on all claims except for Plaintiff's claim based on his reassignment and Plaintiff's claim regarding a 2014 performance award. <u>Id.</u> at 21-23. Following the Court's order, the parties agreed to allow Plaintiff to file an amended complaint. <u>See</u> ECF No. 77.

Plaintiff filed his First Amended Complaint on April

2

16, 2018.  ECF No. 79, First Amended Complaint ("FAC").  In his

First Amended Complaint, Plaintiff alleges that Defendant

discriminated against him in violation of Title VII on the basis

of his race, color, and national origin, and retaliated against

him for filing Equal Employment Opportunity ("EEO") complaints,

by reassigning him to a non-supervisory position, refusing to

recommend him for performance awards, denying him promotions, and

taking other actions.  Id.  Plaintiff also alleges that Defendant

created a hostile work environment based on these same actions.

Id. ¶ 11.

Here, Defendant asks the Court to dismiss two claims on

the basis that Plaintiff failed to exhaust his administrative

remedies and to grant summary judgment on all remaining claims.

ECF No. 84; ECF No. 94.

## FACTUAL BACKGROUND

Plaintiff has been employed at Pearl Harbor Naval

Shipyard since 1982.  See ECF No. 1 ¶ 15.  In 2014, Plaintiff was

a WS-10 Production Supervisor at Naval Facilities Engineering

Command Hawaii, responsible for overseeing more than a dozen

employees who work around the clock monitoring and repairing

utilities equipment.  See ECF No. 85, Defendant's Concise

Statement of Facts in Support of His Motion for Dismissal and

Summary Judgment on Plaintiff's First Amended Complaint ("Def.'s

Stmnt.") ¶ 1; ECF No. 91, Plaintiff Clifford Thomas' Supplemental

Concise Statement of Facts in Opposition to Defendant Richard V.
Spencer's Motion for Dismissal and Summary Judgment on
Plaintiff's First Amended Complaint ("Pl.'s Stmnt.") ¶ 1; ECF No.
89-1, Declaration of Plaintiff Clifford Thomas ("Pl.'s Decl."),
¶ 1.

In late June 2014, Defendant received several employee
complaints about Plaintiff and about two other supervisors.  ECF
No. 85, Def.'s Stmnt., ¶¶ 3, 6; ECF No. 91, Pl.'s Stmnt., ¶ 6.
While the complaints about him were being investigated, Plaintiff
was temporarily reassigned to work in the office of the Product
Line Coordinator for the Utilities and Energy Management Branch
to support administrative duties.  ECF No. 85, Def.'s Stmnt., ¶
5; ECF No. 91, Pl.'s Stmnt. ¶ 1; ECF No. 89-1, Pl.'s Decl., ¶ 13.
The two other supervisors were subject to a separate
investigation, but neither of those individuals were removed from
their positions during that investigation.  ECF No. 85, Def.'s
Stmnt., ¶ 6; ECF No. 91, Pl.'s Stmnt., ¶ 6; ECF No. 89-1, Pl.'s
Decl., ¶ 17.

Following his temporary reassignment in 2014,
Plaintiff's former supervisor did not recommend Plaintiff for a
bonus.  ECF No. 60 ¶ 11.  Despite his former supervisor's
decision to not recommend Plaintiff for a bonus, Plaintiff did
receive a bonus that year.  ECF No. 60 ¶ 11; ECF No. 66-1 ¶ 63.
Other employees in Plaintiff's former work center received

bonuses of up to $500; Plaintiff received a bonus of $300. ECF
No. 66-1 ¶ 63.

The employee complaints against Plaintiff were
investigated by Guy Masuda, which included interviews with
Plaintiff's subordinates and with Plaintiff. ECF No. 85, Def.'s
Stmnt., ¶ 7; ECF No. 91, Pl.'s Stmnt., ¶ 7; ECF No. 89-1, Pl.'s
Decl., ¶¶ 19-21. Mr. Masuda issued a report following his
investigation. Id.

Following that report, Plaintiff was reassigned to the
Wastewater Treatment Plant, where he was no longer a supervisor,
but retained his grade and pay. ECF No. 85, Def.'s Stmnt., ¶ 8;
ECF No. 91, Pl.'s Stmnt., ¶ 8; ECF No. 89-1, Pl.'s Decl., ¶ 32.
During a meeting in June 2016, Plaintiff was told that his
reassignment to the Wastewater Treatment Plant was indefinite.
ECF No. 85, Def.'s Stmnt., ¶ 10; ECF No. 91, Pl.'s Stmnt., ¶ 10;
ECF No. 89-1, Pl.'s Decl., ¶ 37. During that meeting, Plaintiff
stated that he was likely going to file an EEO complaint about
his indefinite reassignment. ECF No. 85, Def.'s Stmnt., ¶ 11;
ECF No. 91, Pl.'s Stmnt., ¶ 11; ECF No. 89-1, Pl.'s Decl., ¶ 38.
Following that meeting, Plaintiff's former supervisor and current
supervisor spoke about EEO complaints and Plaintiff's former
supervisor said that he had dealt with about 15 EEO complaints
over the years. ECF No. 85, Def.'s Stmnt., ¶ 11; ECF No. 91,
Pl.'s Stmnt., ¶ 11; ECF No. 89-1, Pl.'s Decl., ¶ 42. At the

Wastewater Treatment Plant, Plaintiff was assigned duties that include cleaning up human waste after spills or leaks. ECF No. 85, Def.'s Stmnt., ¶ 14; ECF No. 91, Pl.'s Stmnt., ¶ 14.

In November 2016 and March 2017, Plaintiff was not selected for a Utilities Manager position and for a Utilities Supervisor position. ECF No. 85, Def.'s Stmnt., ¶¶ 15-16; ECF No. 91, Pl.'s Stmnt., ¶¶ 15-16.

<u>DISCUSSION</u>

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). "A fact is material when, under the governing substantive law, it could affect the outcome of the case. A genuine issue of material fact arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n</u>, 310 F.3d 1188, 1194 (9th Cir. 2002) (internal

citations omitted).  If the evidence "could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  If the moving party carries its burden, then "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] . . . come forward with specific facts showing that there is a genuine issue for trial."  <u>Id.</u> at 586–87 (citations omitted).

**A. Defendant's Request for Summary Judgment Based on Plaintiff's Failure to Exhaust his Administrative Remedies is DENIED.**

Defendant asks the Court to dismiss two of Plaintiff's claims because Defendant contends that Plaintiff did not timely exhaust his administrative remedies.  ECF No. 84-1 at 3-5.  A federal employee is required to initiate contact with an EEO counselor within 45 days of an alleged discriminatory act.  <u>See</u> 29 C.F.R. § 1614.105(a)(1).  An employee's failure to initiate contact within 45 days is grounds for dismissal.  <u>Id.</u> § 1614.107(a)(2); <u>Cherosky v. Henderson</u>, 330 F.3d 1243, 1245 (9th Cir. 2003) ("Failure to comply with this regulation is fatal to a federal employee's discrimination claim.") (citation omitted).

In the First Amended Complaint, Plaintiff alleges that he was discriminated and retaliated against when Defendant failed

to monitor coworker misbehavior and failed to take prompt remedial action about the misbehavior of coworkers.  ECF No. 79, FAC, ¶ 17.  Plaintiff also alleges that he was discriminated and retaliated against when Defendant did not select him to attend boiler inspector training in 2014 and 2015.  Id. ¶ 25.  Defendant asks the Court to dismiss Plaintiff's claims based on these two acts because Plaintiff never raised a claim regarding monitoring and taking action about coworker misbehavior and Plaintiff did not raise the claims regarding boiler inspector training until August 2016.  ECF No. 84-1 at 3-5.  Because the Court must consider evidence outside of the pleadings to determine whether Plaintiff timely exhausted his administrative remedies, the Court considers Defendant's request to dismiss as a request for summary judgment.  See Fed. R. Civ. P. 12(d).

First, regarding Plaintiff's claim that Defendant failed to monitor and take action regarding coworker misbehavior, the Court finds that Plaintiff did exhaust his administrative remedies regarding this claim.  Although Plaintiff does not address this issue in his Opposition, see ECF No. 88, based on the Court's review of the record in this case, it appears that Plaintiff raised this issue in an EEO complaint in 2015.  Specifically, the Final Agency Decision dated June 2, 2016, states that in an amended EEO claim accepted for investigation on January 30, 2015, Plaintiff alleged that he was discriminated

against when management did not conduct an investigation into his coworkers' behavior or move his alleged harassers when he filed his prior EEO complaints. See ECF No. 1-3 filed in Civil No. 16-00485 RLP at 4. Plaintiff included an allegation in one of his prior complaints regarding this activity. See ECF No. 1 ¶ 35 filed in Civil No. 16-00485 RLP. Specifically, Plaintiff alleged that he was discriminated against and subject to a hostile work environment "when management did not conduct an investigation or move his harassers from the work center when he had filed his prior EEO complaints alleging that he was subjected to a hostile work environment." Id. ¶ 35. Defendant did not seek summary judgment on this claim in its prior motion for partial summary judgment. See ECF No. 59-1. Because the evidence suggests that Plaintiff properly exhausted his administrative remedies regarding Defendant's failure to take action regarding coworker misbehavior, the Court DENIES Defendant's Motion as to this claim based on a failure to exhaust.

Second, regarding Plaintiff's claims regarding the boiler inspector training in 2014 and 2015, Plaintiff states in his declaration that he raised this issue with the Office of the EEO the day after he discovered this information. See ECF No. 89-1, Pl.'s Decl., ¶ 47. As alleged in the First Amended Complaint, Plaintiff learned that he was not given the opportunity to attend the boiler inspector training in 2014 and 2015 on August 26, 2016. ECF No. 79, FAC, ¶ 25. Defendant

concedes that Plaintiff raised this issue in August 2016. ECF No. 84-1 at 4. Although a federal employee is required to initiate contact with an EEO counselor within 45 days of an alleged discriminatory act, the agency "shall extend the 45-day time limit . . . when the individual shows . . . that he or she did not know and reasonably should not have been known that the discriminatory matter . . . occurred." 29 C.F.R. § 1614.105(a)(2). Therefore, the time period for contacting an EEO counselor is extended until the employee knew or should have known that "other employees with qualifications similar to her own were treated more favorably." <u>Godwin v. Hunt Wesson, Inc.</u>, 150 F.3d 1217, 1220 (9th Cir. 1998). Defendant argues in its Reply that Plaintiff was aware that the training existed and that he had not received it. ECF No. 92 at 4. However, Plaintiff expressly states in his Declaration that this training "was never disclosed to me." <u>See</u> ECF No. 89-1, Pl.'s Decl., ¶ 47. Additionally, at his deposition Plaintiff states that he "had no idea that [this training] was available." ECF No. 85-9 at 7. Aside from its argument in its Reply, Defendant does not provide evidence that Plaintiff knew or should have known about the boiler inspector training before 2016. Accordingly, there is a genuine issue of material fact regarding when Plaintiff knew or reasonably should have known about the boiler inspector training. The Court DENIES Defendant's Motion as to these claims based on a failure to exhaust.

**B. Defendant's Request for Summary Judgment as to all of Plaintiff's Claims of Discrimination and Retaliation Based on Discrete Adverse Personnel Actions is GRANTED.**

To establish a prima facie case of unlawful discrimination, a plaintiff must plausibly allege that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside the protected class were treated more favorably or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. Hawn v. Exec. Jet Mgmt., 615 F.3d 1151, 1156 (9th Cir. 2010); Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116 (9th Cir. 2009). The degree of proof required to establish a prima facie case at the summary judgment stage is minimal. See Coghlan v. Am. Seafoods Co., 413 F.3d 1090, 1094 (9th Cir. 2005).

Under Title VII, it is also unlawful for an employer to retaliate against an employee on the basis of the employee's opposition to practices or actions prohibited by Title VII. See 42 U.S.C. § 2000e-3(a); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 62 (2006) (citations omitted). Retaliation can be shown by evidence that (1) Plaintiff engaged in protected activity,[1] (2) that he was thereafter subjected to an adverse

_____

[1] "Protected activity includes the filing of a charge or a complaint, or providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to oppose an employer's discriminatory practices." Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1197 (9th Cir. 2003).

employment action, and that (3) there is a causal link between the protected activity and the adverse employment action.  See Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir. 1994); Davis v. Team Elec. Co., 520 F.3d 1080, 1093–94 (9th Cir. 2008).

Under the burden-shifting analysis set forth in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973), after a plaintiff presents a prima facie case, the burden shifts to the defendant to articulate a "legitimate, nondiscriminatory reason" for its employment decision.  Noyes v. Kelly Servs., 488 F.3d 1163, 1168 (9th Cir. 2007); Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1103 (9th Cir. 2008) (applying McDonnell Douglas burden-shifting framework to Title VII case).  "Should the defendant carry its burden, the burden then shifts back to the plaintiff to raise a triable issue of fact that the defendant's proffered reason was a pretext for unlawful discrimination."  Id.

The plaintiff can show pretext either "(1) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer."  Lyons v. England, 307 F.3d 1092, 1113 (9th Cir. 2002) (citations omitted). If Plaintiff offers direct evidence, the Ninth Circuit has held that "very little evidence is necessary to raise a genuine issue of fact regarding an employer's motive; any indication of

discriminatory motive may suffice to raise a question that can only be resolved by a fact-finder." McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1124 (9th Cir. 2004) (citations omitted). If Plaintiff offers circumstantial or indirect evidence of pretext, that evidence "must be specific and substantial in order to survive summary judgment." Lyons, 307 at 1113; see also Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1066 (9th Cir. 2003). "When the evidence, direct or circumstantial, consists of more than the McDonnell Douglas presumption, a factual question will almost always exist with respect to any claim of a nondiscriminatory reason." McGinest, 360 F.3d at 1124 (citations omitted); see also Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1127 (9th Cir. 2009).

Even assuming that Plaintiff has met his prima facie burden, Defendant argues that it is entitled to summary judgment on Plaintiff's claims of discrimination and retaliation stemming from discrete adverse personnel actions because Defendant has presented legitimate non-discriminatory reasons for the personnel actions at issue and Plaintiff has failed to provide evidence that these reasons are pretext for discrimination. The Court addresses each of the discrete personnel actions at issue below.

### 1. Plaintiff's Temporary Reassignment in July 2014

Plaintiff's first alleged adverse employment action is that on July 1, 2014, Plaintiff was temporarily reassigned

pending a management inquiry into complaints made against him, his access badge to his work center was confiscated, his movements were restricted by having to be escorted whenever he needed to go back to his office, and his supervisory responsibilities were reduced to scanning documents for other supervisors.  ECF No. 79, FAC, ¶ 12.

Defendant argues that it is entitled to summary judgment on these claims because it has presented evidence of a legitimate nondiscriminatory reason for these actions and Plaintiff cannot show pretext.  ECF No. 84-1 at 6.  In support of its Motion, Defendant presented evidence that its human resources director learned on June 26, 2014, that nine of Plaintiff's subordinates had submitted affidavits in relation to an EEO case that included statements that Plaintiff yelled and cursed at his subordinates and that he directed them to follow unsafe procedures.  ECF No. 85-2, Decl. of Mary Muranaka, ¶ 2.  The human resources director discussed the issue with EEO counsel and other human resources supervisors and they all agreed that it would be appropriate to reassign Plaintiff to another detail to allow a cooling off period while an investigation into the employees' allegations was conducted.  Id. ¶ 3.  The human resources director called Plaintiff's supervisors to tell them to find another detail for Plaintiff while the matter was investigated.  Id. ¶ 4.  Plaintiff's supervisors discussed the

matter and decided to reassign Plaintiff to work temporarily in the office of the Product Line Coordinator for the Utilities and Energy Management Branch to support administrative duties.  ECF No. 85-3, Decl. of Preston Iha, ¶ 2; ECF No. 85-1, Decl. of Curtis Noborikawa, Jr., ¶ 3.

By offering this explanation, Defendant has articulated a legitimate, nondiscriminatory reason for its actions in temporarily reassigning Plaintiff.  Under the burden-shifting analysis set forth above, Plaintiff must now "raise a genuine factual question whether, viewing the evidence in the light most favorable to [him], [Defendant's] reasons are pretextual."  See Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225 F.3d 1115, 1126 (9th Cir. 2000).

In Opposition, Plaintiff argues that the Court must disregard any evidence that Defendant's action were based on the nine affidavits of Plaintiff's subordinates because such statements are hearsay.  See ECF No. 88 at 2-4.  As noted in Defendant's Reply, these statements are not excludable as hearsay because they are not offered to prove the truth of the matter asserted, but are instead offered to show Defendant's lack of discriminatory intent.  See ECF No. 92 at 6; see also Fed. R. Evid. 801(c); Haddad v. Lockheed Cal. Corp., 720 F.2d 1454, 1456 (9th Cir. 1983) (holding that testimony offered to show that the employer had received complaints regarding the plaintiff was

15

properly admitted as non-hearsay and was relevant to the
employer's non-discriminatory intent).  The Court rejects
Plaintiff's argument and considers the evidence submitted by
Defendant about the employee complaints to show the lack of
discriminatory intent.

Plaintiff states in his declaration that he was not
informed of any employee complaints against him at the time.  ECF
No. 89-1, Pl.'s Decl., ¶ 6.  Plaintiff challenges and disagrees
with the substance of the complaints against him made by his
subordinates and states that when he was reassigned he was not in
conflict with any of his subordinates.  See id. ¶¶ 2-16.
Plaintiff states that he did not regularly interact with many of
his subordinates, some of whom were angry about other
supervisor's actions and seeking revenge.  Id. ¶¶ 2-15.
Plaintiff states that the union grievance procedures were not
followed regarding these subordinates' complaints.  Id. ¶ 3.
Plaintiff also states that complaints were made against two other
supervisors, but that those supervisors were not removed from
their positions.  Id. ¶ 17.

Viewing the evidence in the light most favorable to
Plaintiff, the Court finds that there is insufficient evidence
that unlawful discrimination more likely motivated Defendant or
that Defendant's explanation is unworthy of credence because it
is internally inconsistent or otherwise not believable.  Chuang,

16

225 F.3d at 1127.  Plaintiff has provided no direct evidence of pretext.  Although Plaintiff has offered some circumstantial evidence, it does not meet the necessary standard for creating a triable issue of fact, as it is neither "specific" nor "substantial."  See Godwin, 150 F.3d at 1221.  As noted in Defendant's Reply, Plaintiff's statements regarding the accuracy and validity of the employees' complaints is not relevant because the truth of the complaints is not at issue.  See ECF No. 92 at 7.  As detailed above, Defendant has presented evidence that the decision to reassign Plaintiff was made to allow time to conduct an investigation into the complaints.

Plaintiff states that he was treated less favorably than two other white supervisors who were also the subject of complaints.  ECF No. 89-1, Pl.'s Decl., ¶ 17.  "A showing that the [defendant] treated similarly situated employees outside [the plaintiff's] protected class more favorably would be probative of pretext."  Vasquez v. Cty. of L.A., 349 F.3d 634, 641 (9th Cir. 2003), as amended (Jan. 2, 2004).  In considering whether employees are similarly situated, the court considers whether they have similar jobs and displayed similar conduct.  Id. Plaintiff has not presented any evidence that these two supervisors were similarly situated to him.  The declaration from Defendant's human resources director states that a separate investigation was conducted into the allegations regarding these

17

two supervisors in accordance with the Manual of the Judge
Advocate General ("JAGMAN"). ECF No. 85-2, Decl. of Mary K.
Muranaka, ¶ 5. Further, Defendant states in its Reply that it
has presented evidence that the conduct at issue with the two
other supervisors involved mismanagement and fraud, not a hostile
work environment. ECF No. 92 at 8 (citing ECF No. 85-8, Masuda
Report, at 3). Again viewing the evidence in the light most
favorable to Plaintiff, the Court finds that this evidence does
not create a genuine issue of material fact regarding the truth
of Defendant's explanation or that Defendant was more likely
motivated by discrimination because Plaintiff was not similarly
situated to the other two supervisors. Accordingly, the Court
GRANTS summary judgment in favor of Defendant as to this claim.

## 2. **Plaintiff's 2014 Performance Award**

Plaintiff's second alleged adverse employment action is
that he was discriminated and retaliated against when he was not
given a performance award while his subordinates and co-
supervisors received monetary awards in 2014. ECF No. 79, FAC,
¶ 13. In its prior Order, the Court denied Defendant's request
for summary judgment as to this claim because, viewing the
evidence in the light most favorable to Plaintiff, there was a
factual dispute regarding whether Plaintiff suffered an adverse
employment action. See ECF No. 74 at 21-22. Specifically,
Defendant provided evidence that Plaintiff was not recommended

18

for an award because he had left work undone before he was transferred, but Plaintiff stated in his declaration that he had not left any work uncompleted.  Id.  Further, although Plaintiff had received a bonus, Plaintiff stated in his declaration that he received a smaller bonus than other employees.  See id.  Notably, Defendant did not address Plaintiff's statements in his declaration that some employees received $500, but Plaintiff only received a $300 award.  Id.  During the hearing on the present Motion, the Court directed the parties to file supplemental briefing to address this claim.

In its supplemental briefing, Defendant argues that although Plaintiff states that other employees received larger bonuses, Plaintiff fails to show that those employees were similarly situated.  ECF No. 94 at 4.  The Court agrees.  As part of his prima facie case of unlawful discrimination, Plaintiff must plausibly allege, in pertinent part, that similarly situated individuals outside the protected class were treated more favorably or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. Hawn v. Exec. Jet Mgmt., 615 F.3d 1151, 1156 (9th Cir. 2010); Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116 (9th Cir. 2009).  Here, Plaintiff asserts that other employees received larger bonuses, but did not provide any evidence that these employees were similarly situated to him.  "[I]ndividuals are

19

similarly situated when they have similar jobs and display similar conduct." <u>Vasquez</u>, 349 F.3d at 641.  Plaintiff has not provided any evidence that employees with similar jobs and who exhibited similar conduct received larger bonuses than him. Accordingly, Defendant is entitled to summary judgment as to these claims of discrimination.

Further, even assuming that Plaintiff has met his prima facie burden, the Court finds that Plaintiff has failed to show pretext.  Plaintiff has not offered any direct evidence that his former supervisor was motivated by discriminatory intent and has not shown that his former supervisor's explanation is not believable for some other reason.  Plaintiff has not put forward specific and substantial evidence challenging the credibility of Defendant's motives.  <u>See</u> Vasquez, 349 F.3d at 642.  Viewing the evidence in the light most favorable to Plaintiff, the Court finds that this evidence does not create a genuine issue of material fact regarding the truth of Defendant's explanation or that Defendant was more likely motivated by discrimination. Accordingly, the Court GRANTS summary judgment in favor of Defendant as to this claim.

### 3.  Plaintiff's Temporary Reassignment in July 2015

Although not expressly stated in Plaintiff's First Amended Complaint, based on the record before the Court, the third alleged adverse employment action at issue is Plaintiff's

20

temporary reassignment to the Wastewater Treatment Plant in July 2015. As detailed above, when Plaintiff was first removed from his position, he was temporarily reassigned to work in the office of the Product Line Coordinator for the Utilities and Energy Management Branch to support administrative duties. ECF No. 85, Def.'s Stmnt., ¶ 5; ECF No. 91, Pl.'s Stmnt. ¶ 1; ECF No. 89-1, Pl.'s Decl., ¶ 13. In July 2015, Plaintiff was reassigned to the Wastewater Treatment Plant. <u>See</u> ECF No. 85-1, Decl. of Curtis Noborikawa, Jr., ¶ 6; ECF No. 85-3, Decl. of Preston Iha, ¶ 4.

Defendant argues that it is entitled to summary judgment on this claim because it has presented evidence of a legitimate nondiscriminatory reason for this action and Plaintiff cannot show pretext. ECF No. 84-1 at 6. In support of its Motion, Defendant presented evidence that the employee complaints about Plaintiff were investigated by Guy Masuda, who later issued a report regarding his investigation ("Masuda Report"). ECF No. 85-1, Decl. of Curtis Noborikawa, Jr., ¶ 4; ECF No. 85-3, Decl. of Preston Iha, ¶ 3. In the Masuda Report, it was determined that 22 of the 30 allegations against Plaintiff were substantiated and that two of the substantiated allegations were instances of severe or serious conduct. <u>Id.</u> Defendant attached to its Motion a portion of the Masuda Report, which included the findings and conclusion, but did not include any of the employee statements, interview questions, or other supporting documents.

See ECF No. 85-8, Masuda Report, at 3-4. The Masuda Report
concluded that Plaintiff's actions were pervasive in creating a
hostile work environment. Id. at 13. Based on the findings and
conclusions in the Masuda Report, Plaintiff's supervisors had
discussions with human resources and counsel and determined that
Plaintiff could not be returned to his supervisor position. ECF
No. 85-1, Decl. of Curtis Noborikawa, Jr., ¶ 5; ECF No. 85-3,
Decl. of Preston Iha, ¶ 3. Plaintiff's supervisors determined
that the best place to reassign Plaintiff was the Wastewater
Treatment Plant based on Plaintiff's experience maintaining and
repairing boilers and the fact that the Wastewater Treatment
Plant was shorthanded. ECF No. 85-1, Decl. of Curtis Noborikawa,
Jr., ¶ 6; ECF No. 85-3, Decl. of Preston Iha, ¶ 4. Plaintiff's
reassignment to the Wastewater Treatment Plant was effective in
July 2015. Id.

By offering this explanation, Defendant has articulated
a legitimate, nondiscriminatory reason for its actions in
temporarily reassigning Plaintiff.

Plaintiff does not address Defendant's explanation
regarding this temporary reassignment in his Opposition. See ECF
No. 88. In fact, the only reference to reassignment in
Plaintiff's Opposition is Plaintiff's "permanent transfer" to the
Wastewater Treatment Plant. See id. at 6, 9, 11. Plaintiff
argues in his Opposition that the Masuda Report should be

excluded because it is hearsay. Id. at 3. As discussed above, out-of-court statements offered for the purpose of showing a lack of discriminatory intent are admissible as non-hearsay. See Fed. R. Evid. 801(c); Haddad, 720 F.2d at 1456. The Court rejects Plaintiff's argument and considers the Masuda Report as evidence regarding Defendant's lack of discriminatory intent. In his Declaration, Plaintiff states that Mr. Masuda was biased, unqualified, did not review key documents during his investigation, and refused to allow Plaintiff to have representation with him while he was being questioned. ECF No. 89-1, Pl.'s Decl., ¶ 19-21, 24. Plaintiff states that Mr. Masuda conducted a second round of questioning, but Plaintiff "was no[t] given a second round of questioning." Id. ¶ 21. Further, Plaintiff challenges the substance of the findings made in the Masuda Report regarding the allegations. Id. ¶ 26-30, 33-34.[2] Plaintiff also states that when he was assigned to the Wastewater Treatment Plant, one of Defendant's attorneys told him that command was actively seeking his removal. Id. ¶ 35.

Plaintiff has provided no direct evidence of pretext.

---

[2] Plaintiff also includes in his declaration many statements that are unrelated to the Masuda Report or to the findings contained therein. Instead, Plaintiff's additional statements relate to other actions that are not at issue in this litigation regarding the promotions and awards given to other employees and incidents involving other employees. See, e.g., id. ¶ 22, 23, 31. These statements are irrelevant to the claims at issue in this litigation.

Although Plaintiff has offered some circumstantial evidence, it does not meet the necessary standard for creating a triable issue of fact, as it is neither "specific" nor "substantial." See Godwin, 150 F.3d at 1221. As the Ninth Circuit has stated, "a plaintiff may not defeat a defendant's motion for summary judgment merely by denying the credibility of the defendant's proffered reason for the challenged employment action." Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1029 n.6 (9th Cir. 2006). As noted in Defendant's Reply, Plaintiff's statement that he was not questioned twice by Mr. Masuda is contradicted by his deposition testimony, wherein he testifies that he was questioned by Mr. Masuda five times between August and September 2014. ECF No. 92-2 at 3. The evidence before the Court is that the decision to reassign Plaintiff to the Wastewater Treatment Plant was made by Plaintiff's supervisors following discussions with human resources and counsel. There is no evidence that any of the people involved harbored any discriminatory or retaliatory intent against Plaintiff. Because Plaintiff fails to rebut Defendant's nondiscriminatory explanation for his reassignment, he fails to create a triable issue of fact with respect to this claim. Accordingly, the Court GRANTS summary judgment in favor of Defendant as to this claim.

### 4. Plaintiff's Indefinite Reassignment in June 2016

Plaintiff's fourth alleged adverse employment action is

24

that on June 23, 2016, Plaintiff's supervisor notified Plaintiff that Plaintiff's reassignment to the Wastewater Treatment Plant was extended indefinitely.  ECF No. 79, FAC, ¶ 19.

Defendant argues that it is entitled to summary judgment on this claim because it has presented evidence that Plaintiff's assignment to the Wastewater Treatment Plant was renewed because Plaintiff's supervisors determined that Plaintiff could not be returned to his previous position based on the Masuda Report and that his assignment at the Wastewater Treatment Plant was the best fit for Plaintiff.  ECF No. 85-1, Decl. of Curtis Noborikawa, Jr., ¶¶ 7-8; ECF No. 85-3, Decl. of Preston Iha, ¶ 5.  Defendant presented the declaration of Plaintiff's supervisor at the Wastewater Treatment Plant who states that he assigned duties to Plaintiff "consistent with the needs of the mission and [Plaintiff's] abilities."  ECF No. 85-4, Decl. of Joseph Mallare, ¶ 4.  Defendant also submitted an excerpt from Plaintiff's deposition, wherein Plaintiff states that he is assigned tasks similar to those assigned to other WG-10's, but he thinks he should not be assigned those tasks because he was a supervisor.  See ECF No. 85-9, Pl.'s Depo., ¶ 4.

By offering this explanation, Defendant has articulated a legitimate, nondiscriminatory reason for its actions in reassigning Plaintiff indefinitely to the Wastewater Treatment Plant.

In his Declaration, Plaintiff states that all of Plaintiff's supervisors and Defendant's attorneys gave different reasons for his indefinite reassignment to the Wastewater Treatment Plant. ECF No. 89-1, Pl.'s Decl., ¶ 36. Plaintiff does not say what those reasons were or provide any evidence of the reasons given. See id. Plaintiff states that his supervisors did not discuss with him where was the best fit for him. Id. ¶ 37. Plaintiff states that during mediation with Defendant, Plaintiff's supervisor told him that he could be moved to a different position at the Portable Water Plant "in exchange" for two EEO complaints. Id. ¶ 39. Plaintiff also states that Defendant's decision to indefinitely reassign him and effectively demote him, but allow him to keep his title and pay, was made to prevent him from bringing a case before the Merit System Protection Board. Id. ¶ 40. In response to Defendant's statement regarding the duties that he is assigned at the Wastewater Treatment Plant, Plaintiff states in his declaration that he was supervisor and has over 35 years of experience. Id. ¶ 49.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is no evidence that Defendant's decision to indefinitely reassign him to the Wastewater Treatment Plant was the result of discriminatory intent. Plaintiff does not offer any direct evidence of pretext.

Further, the circumstantial evidence presented by Plaintiff is insufficient. There is no evidence that an alternative position was a better fit for Plaintiff or that Plaintiff's indefinite reassignment was done with discriminatory or retaliatory intent. Because there is no genuine issue of material fact that Defendant's explanation is pretextual, the Court GRANTS summary judgment in favor of Defendant as to this claim.

### 5. Plaintiff's Medical Clearance

Plaintiff's fifth alleged adverse employment action is that on August 15, 2016, Plaintiff went to the Naval Health Clinic for a physical and learned that Plaintiff was not cleared to perform his duties at the Wastewater Treatment Plant and as a result Plaintiff is now on medication to treat the medical conditions Plaintiff developed at the Wastewater Treatment Plant. ECF No. 79, FAC, ¶ 23. Although not expressly stated in his First Amended Complaint and not addressed in his Opposition, it appears that Plaintiff is asserting a claim of disparate treatment and retaliation based on the allegations that he was assigned to work in the Wastewater Treatment Plant without taking his medical conditions into account. See ECF No. 84-1 at 6; ECF No. 88.[3]

Defendant argues that it is entitled to summary

___

[3] As noted by Defendant in its Motion, Plaintiff does not assert any claims based on a disability. ECF No. 84-1 at 6 n.1; ECF No. 79.

judgment on this claim because it has presented evidence of a legitimate nondiscriminatory reason for these actions and Plaintiff cannot show pretext. ECF No. 84-1 at 6. In support of its Motion, Defendant submitted a declaration from the supervisor for the Wastewater Treatment Plant stating that Plaintiff has never said to him or provided any documentation to him that would indicate that Plaintiff has any medical condition that would limit his ability to perform his job. ECF No. 85-4, Decl. of Joseph Mallare, ¶ 2. Further, the declaration states that according to the documentation available to the supervisor, Plaintiff has been medically cleared for work. Id. Defendant attached a copy of Plaintiff's medical clearance documentation, which indicates that Plaintiff was medically cleared for work from 2016 through 2018. See ECF No. 85-10. Defendant also submitted an excerpt from Plaintiff's deposition, wherein Plaintiff states that there is no documentation that he is not cleared to work at the Wastewater Treatment Plant. See ECF No. 85-9 at 6.

By offering this explanation, Defendant has articulated a legitimate, nondiscriminatory reason for its actions regarding Plaintiff's medical clearance.

Plaintiff does not address this claim in his Opposition. See ECF No. 88. In his Declaration, Plaintiff states that when he learned that he was being reassigned, he

informed his supervisors about his medical condition and medical restrictions. ECF No. 89-1, Pl.'s Decl., ¶ 44. Plaintiff states that he asked his supervisor, Mr. Mallare, to schedule a physical exam and was told that Plaintiff had to justify why he needed a physical. Id. ¶ 45. Plaintiff states that he was scheduled for a physical exam only after EEO investigators asked about it. Id. Plaintiff states that the doctors were aware that management was attempting to find him unfit for duty and to use that to remove him from federal service. Id. Plaintiff states that the doctors "had no other choice but to clear me to work." Id. Plaintiff does not state the basis for his personal knowledge regarding the doctors' knowledge or motivation for clearing him for work. Id.

Viewing the evidence in the light most favorable to Plaintiff, there is no genuine issue of material fact regarding the truth of Defendant's explanation for assigning him work based on his medical clearance. Plaintiff has provided no direct evidence of pretext. The circumstantial evidence offered by Plaintiff does not meet the necessary standard for creating a triable issue of fact because it is not "specific" or "substantial." See Godwin, 150 F.3d at 1221. Because there is no genuine issue of material fact that Defendant's explanation is pretextual, the Court GRANTS summary judgment in favor of Defendant as to this claim.

### 6. Plaintiff's Non-Selection for Two Positions

Plaintiff's sixth alleged adverse employment action is

that he was not selected for the Utilities Manager and Utilities Supervisor positions in 2016 and 2017. ECF No. 79, FAC, ¶¶ 27, 29.

Defendant argues that it is entitled to summary judgment on these claims because it has presented evidence that Plaintiff was not selected for these positions because two independent panels determined that other candidates were more qualified and Plaintiff has not presented any evidence of pretext. ECF No. 84-1 at 6-7. In support of its Motion, Defendant submitted the declaration of Greg Hayashi, a Manager in the Public Works Utilities Management Branch. ECF No. 85-5, Decl. of Greg Hayashi, ¶ 1. Mr. Hayashi states that he was the selecting official for the Utilities Manager and Utilities Supervisor positions in 2016 and 2017 and relied on the recommendations of panels in making both selections. Id. ¶¶ 2, 3. For the 2016 position, Mr. Hayashi states that the panel recommended another employee based on resume review only, no interviews were conducted. Id. ¶ 2. For the 2017 position, Mr. Hayashi states that the panel recommended another employee based on scored resumes and interviews. Id. ¶ 3. Mr. Hayashi states that the person who was selected in 2017 scored one point less on his resume, but nine points higher on his interview than Plaintiff. Id. Mr. Hayashi also states that at the time of the selection he was unaware that Plaintiff had participated in any EEO activity or had been transferred based on employee

complaints.  Id. ¶ 4.  Defendant also submitted an excerpt from Plaintiff's deposition, wherein Plaintiff states that he did not know any of the panel members who made the recommendations to Mr. Hayashi for the 2016 position and had no reason to believe that any of the panel members were biased against Plaintiff.  See ECF No. 85-9 at 8.  In his deposition, Plaintiff states that he knew two of the panel members for the 2017 position, but that he has no reasons to believe that these individuals were biased against him.  Id. at 9.  By offering this explanation, Defendant has articulated a legitimate, nondiscriminatory reason for its actions regarding the position selections.

Plaintiff does not address Defendant's explanation for its actions in his Opposition.  See ECF No. 88.  However, in his Declaration, Plaintiff states that the person who was selected for the 2016 position had received prior preferential treatment from one of Plaintiff's former supervisors.  ECF No. 89-1, Pl.'s Decl., ¶ 50.  Plaintiff also states that the panel was not independent because it was comprised of individuals who were supervised by Plaintiff's former supervisors.  Id. ¶ 51. Plaintiff also states that no standard operating procedure was used during the selections and the fact that the panel came to the same conclusions shows collusion.  Id. ¶ 52.  Plaintiff states that his supervisor instructed the panel to give a higher score to the person who was selected for the 2016 position.  Id. ¶ 53.  Regarding Mr. Hayashi's knowledge regarding Plaintiff's

EEO activity, Plaintiff states that Mr. Hayashi was his second level supervisor between 2000 and 2004, until Plaintiff was promoted as a result of a court action discrimination settlement. Id. ¶ 56.

The Court finds that Plaintiff has failed to establish a genuine issue of material fact that would preclude summary judgment as to this claim. Plaintiff has not provided any direct evidence of pretext. In reviewing similar circumstantial evidence, other courts have held that "a plaintiff's subjective personal judgments about his own qualifications compared to another's are neither specific nor substantial and do not meet the necessary standard for creating a genuine issue of material fact." De Markoff v. Superior Court of Cal., No. 1:11-CV-02017 AWI, 2014 WL 2895200, at *6 (E.D. Cal. June 25, 2014) (citing Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir. 1986). There is no evidence that any of the panel members or Mr. Hayashi were motivated by any discriminatory or retaliatory animus. Accordingly, the Court GRANTS summary judgment in favor of Defendant as to this claim.

### 7. Plaintiff's Non-Selection for Boiler Inspector Training

Plaintiff's seventh alleged adverse employment action is that he was not afforded the opportunity to attend boiler inspector training that was available in 2014 and 2015. ECF No.

79, FAC, ¶ 25.

Defendant argues that it is entitled to summary judgment on this claim because it has presented evidence that Plaintiff was not selected for boiler inspector training because he never asked his supervisor for training and Plaintiff has not presented any evidence of pretext. ECF No. 84-1 at 7. In support of its Motion, Defendant submitted the declaration of Plaintiff's supervisor at the Wastewater Treatment Plant. See ECF No. 85-4, Decl. of Joseph Mallare, ¶ 1. In that declaration, Plaintiff's supervisor states that Plaintiff never asked him for boiler training or any other training. Id. ¶ 3. Further, Plaintiff's supervisor states that he offered Plaintiff refresher boiler training, but Plaintiff declined. Id. Defendant also submitted an excerpt from Plaintiff's deposition, wherein Plaintiff states that in 2014 and 2015 he never asked anybody to go to boiler supervisor school. See ECF No. 85-9 at 7. Plaintiff also states at his deposition that although he never asked for training, he felt that it should have been offered to him and he did not know that it was available. Id.

By offering this explanation, Defendant has articulated a legitimate, nondiscriminatory reason for its actions regarding training.

Plaintiff does not address Defendant's explanation for its actions in his Opposition. See ECF No. 88. In his Declaration, Plaintiff states that he "did make a training

request," that the boiler inspector training was never disclosed to him, and that the two individuals who attended the training did not apply, but were instead non-competitively selected. ECF No. 89-1, Pl.'s Decl., ¶ 47.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is insufficient evidence that unlawful discrimination more likely motivated Defendant or that Defendant's explanation is unworthy of credence because it is internally inconsistent or otherwise not believable. Plaintiff has not offered any direct evidence of pretext. Plaintiff's statements that he asked for training, but was not selected is insufficient to create a genuine issue of material fact that would preclude summary judgment as to this claim. Plaintiff has not offered any evidence, direct or indirect, that he was more qualified than the individuals who were provided the training or that the person who selected those individuals was motivated by retaliatory or discriminatory intent. Accordingly, the Court GRANTS summary judgment in favor of Defendant as to this claim.

**C. Defendant's Request for Summary Judgment as to Plaintiff's Claims of Hostile Work Environment is GRANTED.**

To establish a prima facie case for hostile work environment, Plaintiff must show that (1) Defendant subjected him to verbal or physical conduct because of his protected

characteristic; (2) the conduct was unwelcome; and (3) the
conduct was sufficiently severe or pervasive to alter the
conditions of his employment and create an abusive working
environment. Surrell, 518 F.3d at 1108. "Not every insult or
harassing comment will constitute a hostile work environment."
Ray v. Henderson, 217 F.3d 1234, 1245 (9th Cir. 2000). Both
subjective and objective requirements must be satisfied by
demonstrating that the plaintiff perceived the work environment
to be hostile and that a reasonable person in the plaintiff's
position would have perceived it as hostile. Brooks v. City of
San Mateo, 229 F.3d 917, 923 (9th Cir. 2000). In considering the
objective hostility of a work environment, the court considers
the totality of the circumstances including the "frequency of
discriminatory conduct; its severity; whether it is physically
threatening or humiliating, or a mere offensive utterance; and
whether it unreasonably interferes with an employee's work
performance." McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1113
(9th Cir. 2004). "The required level of severity or seriousness
varies inversely with the pervasiveness or frequency of the
conduct." Nichols v. Azteca Rest. Enterprises, Inc., 256 F.3d
864, 872 (9th Cir. 2001).

First, the Court GRANTS summary judgment in favor of
Defendant as to Plaintiff's hostile work environment based on
race, color, and national origin. There are no allegations in
the First Amended Complaint and no evidence presented in relation

to the pending Motion that Plaintiff was subjected to any verbal or physical conduct because of his race, color, or national origin. Accordingly, the Court GRANTS summary judgment in favor of Defendant as to Plaintiff's hostile work environment claim based on race, color, and national origin.

Second, the Court GRANTS summary judgment as to Plaintiff's retaliatory hostile work environment claim. <u>See</u> <u>Ray v. Henderson</u>, 217 F.3d 1234, 1244 (9th Cir. 2000) (holding that a hostile work environment can also be the basis for a retaliation claim under Title VII). As detailed above, Defendant is entitled to summary judgment on Plaintiff's claims that Defendant discriminated or retaliated against Plaintiff based on his reassignment, 2014 bonus, medical clearance, non-selection, and training. Setting these actions aside, the only remaining allegations in the First Amended Complaint that could form the basis for Plaintiff's retaliatory hostile work environment claim are that Defendant failed to take remedial action regarding the misbehavior of Plaintiff's coworkers, <u>see</u> ECF No. 79, FAC, ¶ 17, that Plaintiff's supervisor told him that Plaintiff's prior supervisor had said that Plaintiff had filed 15 EEO complaints, <u>id.</u> ¶ 21, and that three employees asked Plaintiff about his demotion and reassignment, <u>id.</u> ¶ 25.

To establish a prima facie case for a hostile-work environment claim, Plaintiff must show that (1) Defendant subjected him to verbal or physical conduct because of his EEO

activity; (2) the conduct was unwelcome; and (3) the conduct was
sufficiently severe or pervasive to alter the conditions of his
employment and create an abusive working environment. <u>Surrell v.</u>
<u>Cal. Water Serv. Co.</u>, 518 F.3d 1097, 1108 (9th Cir. 2008). As
noted by Defendant in its Motion, two of the actions at issue do
not refer to any protected activity. ECF No. 89-1 at 8. There
is no evidence that Defendant failed to take remedial action
regarding the misbehavior of Plaintiff's coworkers because of
Plaintiff's EEO activity, or that three employees asked Plaintiff
about his demotion and reassignment because of Plaintiff's EEO
activity. Although the third action does refer to Plaintiff's
EEO activity, Plaintiff fails to establish a prima facie hostile
work environment claim because the conduct at issue is not
sufficiently severe or pervasive to constitute a hostile work
environment. <u>See</u> <u>Surrell v. Cal. Water Svc. Co.</u>, 518 F.3d 1097,
1109-10 (9th Cir. 2008) (affirming summary judgment on the
plaintiff's hostile work environment claim where the plaintiff's
supervisor had repeatedly told the plaintiff that she was failing
to perform certain aspects of her job and was too slow with her
work, holding that these comments were "performance related" and
not sufficiently severe or pervasive to sustain a hostile work
environment claim). Viewing the evidence in the light most
favorable to Plaintiff, it appears that Plaintiff's former
supervisor told Plaintiff's current supervisor that Plaintiff has
filed 15 EEO complaints. The evidence is undisputed that

Plaintiff has filed at least 15 EEO complaints. Defendant submitted an excerpt from Plaintiff's deposition, wherein he states that he probably filed "a lot more" than 15 EEO complaints at the time that his supervisor made the remark. <u>See</u> ECF No. 85-9, Pl.'s Depo., ¶ 6. In considering the totality of the circumstances, the Court finds that there is insufficient evidence that any conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment. <u>See</u> <u>Surrell</u>, 518 F.3d at 1108. Because Plaintiff fails to establish a prima facie hostile work environment claim, Defendant is entitled to summary judgment on this claim. Accordingly, the Court GRANTS Defendant's request as to Plaintiff's retaliatory hostile work environment claim.

<u>CONCLUSION</u>

Based on the foregoing, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion for Partial Dismissal and Partial Summary Judgment as follows:

1. Defendants' request to dismiss two of Plaintiff's claims based on a failure to exhaust administrative remedies is DENIED.

2. Defendant's request for summary judgment as to all of Plaintiff's claims of discrimination and retaliation based on discrete adverse personnel actions is GRANTED.

3. Defendant's request for summary judgment as to Plaintiff's hostile work environment claim based on race, color,

and national origin is GRANTED.

       4.  Defendant's request for summary judgment as to Plaintiff's retaliatory hostile work environment claim is GRANTED.

       5.  Having granted summary judgment in favor of Defendant on all remaining claims, the Court DIRECTS the Clerk of the Court to enter judgment for Defendant.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, JULY 30, 2018.


                     Richard L. Puglisi
                     United States Magistrate Judge


**THOMAS v. SPENCER; CIVIL NO. 15-00121 RLP; MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR DISMISSAL AND SUMMARY JUDGMENT**